UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICK SHAWN,

Petitioner,

v.

TERRY ROYAL, *et al.*,

Respondents.

Case No. 3:24-cv-00476-ART-CLB

ORDER

*Pro se* Petitioner Rick Shawn filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, submitted a motion for appointment of counsel, and paid his filing fee. (ECF Nos. 1-1 ("Petition"), 1-2, 6.) Following a review of the Petition, this Court instructed Shawn to show cause why it should not be dismissed as second or successive. (ECF No. 7.) Specifically, this Court found that (1) Shawn's Petition challenged the same July 7, 2011, judgment of conviction that was challenged in case number 2:14-cv-00738-JAD-PAL,[1] and (2) the petition filed in case number 2:14-cv-00738-JAD-PAL was dismissed with prejudice. (*Id.* at 3.) On December 2, 2024, Shawn responded to the Order to Show Cause. (ECF No. 9.) Because Shawn's response failed to demonstrate that the Petition was not second or successive, this Court referred the Petition to the Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second or successive habeas corpus petition. (ECF No. 10.)

On September 29, 2025, the Ninth Circuit issued an Order (1) denying Shawn's application as it applies "to the Eighth Judicial District Court for Clark

---

[1] Notably, this Court stated the following in its Order to Show Cause regarding the Judgment of Conviction which Shawn was challenging in his Petition: "Although Shawn has numerous criminal cases and did not include the judgment of conviction date or the state court case number in his Petition (*see* ECF No. 1-1 at 1–2), the Court has surmised that Shawn wishes to challenge the judgment of conviction in case number 09C257062, given that this is the only case in which Shawn has been sentenced to 'several life sentence[s]' as he states in his Petition." (ECF No. 7 at 1 n.2.)

1

County, Nevada, 2011 conviction in Case No. 09C257062, which was the conviction that the district court considered in 2:14-cv-00738-JAD-PAL," and (2) denying Shawn's application as unnecessary "[t]o the extent [he] seeks to challenge his Eighth Judicial District Court convictions in Case Nos. 09C258149 and 10C261008-2." (ECF No. 17.) The Ninth Circuit then transferred Shawn's application back to this Court "to be processed as a § 2254 petition with respect to Case Nos. 09C258149 and 10C261008-2." (*Id.*)

This Court now conducts another review of the Petition under the new judgments of conviction[2] in accordance with the Rules Governing Section 2254 Cases and orders Shawn to show cause why his Petition should be dismissed with prejudice as untimely.

I.   **BACKGROUND**[3]

In Case No. 09C258149, the state court entered a judgment of conviction and amended judgment of conviction on August 9, 2011, and October 16, 2017, respectively, convicting Shawn of four counts of obtaining money under false pretenses with a victim over the age of 60, three counts of burglary, one count of possession of credit or debit car without cardholder's consent, and one count of attempt to obtain money under false pretenses. Shawn appealed, and the Nevada

---

[2] Where a 28 U.S.C. § 2254 habeas corpus petitioner seeks relief from the judgments of more than one state court, he "must file a separate petition covering the judgment or judgments of each court." Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. However, a state petitioner may—but is not required to—attack multiple judgments from the same court in a single petition, as is the case here. Adv. Comm. Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. If Shawn decides he would like to challenge his judgments of conviction in case numbers 09C258149 and 10C261008-2 in different federal habeas petitions, he must indicate which judgment of conviction he wishes to challenge in this case and then must file a second federal habeas petition in a different case before this Court to challenge the other judgment of conviction. If Shawn wishes to challenge both judgments of convictions in a single petition, he need not do anything.

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

Supreme Court affirmed on July 26, 2012, in case number 59137. Shawn filed a state habeas petition on January 22, 2013. The state court denied the petition, Shawn appealed, and the Nevada Supreme Court affirmed on December 12, 2013, in case number 63001. Remittitur issued on February 24, 2014. Shawn moved to correct his sentence on October 25, 2022. The state court denied the motion on January 4, 2023. Shawn appealed, and the Nevada Court of Appeals affirmed on September 19, 2024, in case number 86038-COA.

In Case No. 10C261008-2, the state court entered a judgment of conviction, amended judgment of conviction, and second amended judgment of conviction on April 21, 2011, June 26, 2015, and November 13, 2015, respectively, convicting Shawn of seventeen counts of obtaining money under false pretenses with a victim over the age of 60 and one count of exploiting of the elderly. Shawn appealed, and the Nevada Supreme Court affirmed on February 8, 2012, in case number 58380. Remittitur issued on March 6, 2012. Shawn filed a state habeas petition on May 7, 2012. The state court denied habeas relief on June 24, 2014. Shawn appealed, but the Nevada Supreme Court dismissed the appeal as untimely on June 30, 2015, in case number 66376. Remittitur issued on July 27, 2015. Shawn moved to correct his sentence on October 25, 2022. The state court denied the motion on January 4, 2023. Shawn appealed, and the Nevada Court of Appeals affirmed on September 19, 2024, in case number 86039-COA.

Shawn transmitted his instant Petition on or about October 16, 2024. (ECF No. 1-1.)

**II.    DISCUSSION**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d

490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). It appears that Shawn's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

In Case No. 09C258149, Shawn's direct appellate review concluded on July 26, 2012, with the Nevada Supreme Court's affirmation of his judgment of conviction. As such, Shawn's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90 days later on October 24, 2012. The federal statute of limitations began to run the following day: October 25, 2012. Shawn timely filed his state habeas petition

on January 22, 2013, tolling the AEDPA clock. As a result, 89 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 276 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Shawn's state habeas petition. Tolling ended on February 24, 2014, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day, February 24, 2014, and expired 276 days later on November 27, 2014. Shawn's instant Petition was transmitted to this Court on or about October 16, 2024. Because Shawn's Petition was mailed almost 10 years after his AEDPA statute of limitations expired, it appears that it is untimely.[4]

In Case No. 10C261008-2, Shawn's direct appellate review concluded on February 8, 2012, with the Nevada Supreme Court's affirmation of his judgment of conviction. As such, Shawn's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90

---

[4] Although Shawn moved to correct his sentence on October 25, 2022, it was filed after the AEDPA clock had already expired, so it could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). And regarding Shawn's amended judgment of conviction, it is unclear what the state court changed from Shawn's original judgment of conviction. However, even if this Court were to find, *arguendo*, that the amended judgment of conviction amounted to a new, intervening judgment of conviction for purposes of restarting his AEDPA limitations period, Shawn's Petition would still be untimely. *Gonzalez v. Sherman*, 873 F.3d 763, 770 (9th Cir. 2017) ("[T]he amendment [to the judgment of conviction] removed an invalid basis for incarcerating [the petitioner], and provided a new and valid intervening judgment to which he was then being held in custody."). Under the scenario, Shawn did not file a direct appeal challenging his amended judgment of conviction, so his conviction became final on the date in which the time for seeking direct review expired: November 15, 2017. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: November 16, 2017. Accordingly, the limitations period expired 365 days later on November 16, 2018, making the Petition untimely by almost 6 years.

5

days later on May 8, 2012. The federal statute of limitations began to run the following day: May 9, 2012. Shawn timely filed his state habeas petition on May 7, 2012, tolling the AEDPA clock. As a result, no days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 365 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Shawn's state habeas petition. Tolling ended on July 27, 2015, when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day, July 28, 2015, and expired 365 days later on July 28, 2016. Shawn's instant Petition was transmitted to this Court on or about October 16, 2024. Because Shawn's Petition was mailed more than 8 years after his AEDPA statute of limitations expired, it appears that it is untimely.[5]

Shawn must show cause why his Petition should not be dismissed with prejudice as time barred. In this regard, Shawn is informed that the 1-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and

---

[5] Although Shawn moved to correct his sentence on October 25, 2022, it was filed after the AEDPA clock had already expired, so it could not have tolled an already expired limitations period. *See Jiminez*, 276 F.3d at 482. And regarding Shawn's amended judgment of conviction and second amended judgment of conviction, it is unclear what the state court changed from Shawn's original judgment of conviction. However, even if this Court were to find that the amended judgment of conviction and/or second amended judgment of conviction amounted to new, intervening judgments of convictions for purposes of restarting his AEDPA limitations period, Shawn's Petition would still be untimely. Under these scenarios, Shawn did not file direct appeals challenging his amended judgments of conviction, so his convictions became final on the dates in which the time for seeking direct review expired: July 26, 2015, and December 13, 2015, respectively. *See* Nev. R. App. P. 4(b)(1). The federal statute of limitations thus began to run the following days: July 27, 2015, and December 14, 2015, respectively. Accordingly, the limitations periods expired 365 days later on July 27, 2016, and December 14, 2016, respectively, making the Petition untimely by 8 years.

6

(2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Shawn ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. Shawn must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Shawn further is informed that, under certain circumstances, the 1-year limitation period may begin running on a later date[6] or may be statutorily tolled. And Shawn is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to

---

[6] 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### III.   CONCLUSION

It is therefore ordered that Shawn show cause on or before November 14, 2025, unless more time is requested, why his Petition should not be dismissed as untimely.

It is further kindly ordered that the Clerk of the Court send a courtesy copy of this Order and the Ninth Circuit Order (ECF No. 17) to Shawn at High Desert State Prison.

It is further ordered that Shawn file a notice of change of address on or before November 14, 2025.[7]

DATED THIS 8th day of October 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[7] The Ninth Circuit's Order was returned as undeliverable to Shawn at Ely State Prison. (ECF No. 19.)

8