UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICK SHAWN,

Petitioner,

v.

TERRY ROYAL, et al.,

Respondents.

Case No. 3:24-cv-00476-ART-CLB

ORDER

In this habeas matter, Petitioner, Rick Shawn, challenges his confinement under two state court judgments in the Eighth Judicial District Court, Clark County, Nevada, Case Nos. 09C258149 and 10C261008-2. *See* ECF Nos. 17; 18; 21. This Court ordered Shawn to show cause why his petition should not be dismissed as untimely. ECF No. 21. Shawn moved for extension of time to submit his responses. ECF Nos. 30; 33. Shawn also submitted timely responses including a request for permission to renew his motion for the appointment of counsel, a supplemental response, and notice of clarification. ECF Nos. 31; 32; 34; 35. For the reasons explained below, the Court (1) grants the motions for extension of time; (2) grants the request for appointment of counsel; and (3) directs service of the petition.

**I.    Motions for Extension of Time**

The Court finds Shawn's motions for extension of time to file responses to the Order to Show Cause (ECF Nos. 30; 33) were made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motions. Fed. R. Civ. P. 6(b); LR IA 6-1.

**II.    Motion for Appointment of Counsel**

Shawn moved for the appointment of counsel. ECF No. 1-2. The Court denied the motion as moot when it initially dismissed the action and entered judgment. ECF No. 10 at 2. Following reversal and remand by the Ninth Circuit

1

Court of Appeals, Shawn requested he be allowed to renew his request for the appointment of counsel. ECF Nos. 27 at 3; 31 at 1, 4.

Upon reconsideration of Shawn's motion for appointment of counsel, the Court finds the appointment of counsel in this case is in the interests of justice, given, among other things, the complexity of Shawn's claims, including relatively complex issues related to equitable tolling of the limitation period for filing the petition, and given it is not clear Shawn is able to adequately articulate his claims *in proper persona* with the resources available to him. Accordingly, Shawn's request for permission to renew his motion for appointment of counsel is granted, the Court reconsiders and grants the motion, the Court provisionally appoints the Federal Public Defender to represent him, and the Court directs service of the petition on Respondents.

**THEREFORE, IT IS ORDERED:**

1. Petitioner's Motions for Extension of Time [ECF Nos. 30 and 33] are granted and Petitioner's responses to the Order to Show Cause [ECF Nos. 31; 32; 34 and 35] are considered timely.

2. Upon reconsideration of Petitioner's Motion for Appointment of Counsel [ECF No. 1-2], the motion is granted.

3. The Federal Public Defender is provisionally appointed as counsel and will have 14 days to undertake direct representation of Petitioner or indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of

2

the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 14 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 10th day of April 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3